UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HORGLINE GREEN on her own behalf and others similarly situated,**

    **Plaintiff,**

Case Number _____

v.

**GRAND VILLA of a ST. PETERSBURG,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant, a Florida for profit corporation and brings this action for unpaid wages, liquidated damages, attorney fees/costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff worked as an hourly worker for Defendant.

2. Defendant is a for profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida. In addition, Defendant uses chemicals and related items to third party customers and uses products from outside of the State of Florida to be consumed by Defendant's third party customers, who are composed of business and individuals

domiciled in the State of Florida and also out of the State of Florida. Likewise, Defendant is an employer under 29 U.S.C. 1001-1140. Plaintiff's duties involved interstate commerce, including but not limited to providing health care to patients who not exclusively Florida residents.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff's claims as all material events occurred in Orange County as a primary place, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA and Article X, Section 24 of the Florida Constitution.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). In fact, Defendant is a pest services care provider that routinely conducts commerce both in and out of the State of Florida and which, upon information and belief has grossed over $500,000.00 in revenue in the twelve months prior to the institution of this complaint.

6. At all material times relevant to this action, Plaintiff, in her capacity as an hourly worker employee (performing resident aid duties in a medical capacity) was individually covered by the FLSA. Plaintiff routinely dealt with the instrumentalities of commerce, including but not limited to telephones, computers, data transmission lines on behalf of both individuals and even delivering product on the highways and by-ways. Plaintiff did not exercise any substantial discretion in the exercise of her job duties from through her date of last employment August 17, 2015. Plaintiff did not supervise more

than two full time employees. Plaintiff did not have hire or fire authority. Plaintiff did not direct the work of subservient employees. All decisions of this nature were made by Plaintiff's superiors.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment. In fact, Defendant failed to pay Plaintiff overtime during her period of employment. (See, Attachment A). Plaintiff made written claims for the alleged wages on one occasion and provided her best good faith calculations therein.

8. During their employment with Defendant, Plaintiff, and those similarly situated to her, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to her for all of the hours that Plaintiff worked and the bulk of these hours are reasonably believed to constitute "overtime" hours at a rate of $15.00. Other similarly situated employees believed to have been impacted by Defendant's refusing to pay wages Rose DeLva, Jackie Maxine, Kierra Harden are amoung as many as forty similarly situated employees.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to him, true hours of work. Defendant did not substantively respond to written demands for payment of unpaid wages and minimum wages and overtime wages (compensation) made by the named Plaintiff and on behalf of the named Plaintiff. (See attached "A"). Defendant did not object to the quantum or legitimacy of hours worked by Plaintiff (when the matter has been brought to the attention of Defendant in the past) and sought by the named Plaintiff.

Defendant did not turn over any documentation that may have assisted Plaintiff in providing a more specific demand or any specifics with regard to how Plaintiff could have been an exempt employee under the Fair Labor Standards Act. Defendant simply claimed that Plaintiff had clocked out during her lunches, but did not deny that Plaintiff worked through her lunches.

10. The amount of wages owed only to the named Plaintiff are reasonably believed to be, individually, in the thousands of dollars, when liquidated damages are included into the equation along with the damages of other similarly situated employees. The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined, but are reasonably believed to exceed fifteen thousand dollars. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant, however Defendant has not produced any documentation relating to this claim.

## COUNT I – RECOVERY OF OVERTIME WAGES

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10, above.

12. Plaintiff, and those similarly situated to her, are/were entitled to be paid their regular rate of pay for each hour worked per work week. During their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked hours for each week and were not paid even minimum wages for said time.

13. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their correct rate of pay for each hour

worked work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages as well as attorney fees and costs and such other further relief as this Court deems just and proper. I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY

*[signature]*
Horgline Green

*[signature]*
W. John Gadd, Esq.
Fl Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com