UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORGLINE GREEN,

    Plaintiff,

v.     Case No: 8:15-cv-1973-T-30MAP

GRAND VILLA OF ST. PETERSBURG,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice to Potential Members (Dkt. 13) in a lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Defendant filed a Response in Opposition (Dkt. 44), which argues that Plaintiff has failed to meet the requirements for conditional certification under the FLSA. The Response also objects to Plaintiff's proposed notice to potential members. The Court has considered the pleadings, the relevant law, and the evidence submitted by the parties. For the reasons discussed below, the motion will be granted in part and denied in part.

### FACTUAL BACKGROUND

Plaintiff Horgline Green has sued Defendant Grand Villa of St. Petersburg, on her own behalf and on behalf of other similarly situated individuals, for failing to comply with the minimum and overtime wage requirements of the FLSA. To date, thirteen other individuals have filed notices with the Court of their consent to join the lawsuit.

Grand Villa is an assisted living and medical facility for senior citizens located in St. Petersburg, Florida. (Dkt. 44-1). Green worked there from April 14, 2015 till August 17, 2015 as an hourly-paid Resident Care Assistant, a job in which she helped in the daily care of patients. (Dkt. 21, pp. 1-2). Grand Villa staffs its facility with other hourly-paid employees: receptionists, housekeepers, dining room servers, maintenance assistants, cooks, activities assistants, Licensed Practical Nurses, and porters. (Dkt. 44-1, ¶ 4). Each class of employee has a different supervisor. (Id., at ¶ 14).

Grand Villa has a compensation and payroll policy that instructs all hourly employees to clock in before they begin work and to clock out when they end work. (Id., at ¶ 5). Hourly employees are also instructed that their designated meal time is thirty minutes, and that those thirty minutes will be deducted from their compensated on-the-clock time. (Id.). If, however, the employees are unable, because of work demands, to get an uninterrupted thirty-minute break, they are instructed to fill out a Time Exception Request form, which, upon review, will re-credit them their deducted time. (Id.)

According to her complaint and motion, Green and other similarly situated wage employees were not paid for all the time they worked and were instructed by supervisors to work off the clock. Green claims that approximately forty Grand Villa employees were subjected to this treatment. She also alleges that during her employment Grand Villa failed to maintain records as required by the FLSA. (Dkt. 13, p. 4).

## DISCUSSION

Now Green asks the Court to conditionally certify a collective action. Specifically, she asks that the class be defined as follows:

2

> All persons currently or formerly employed by . . . Grand Villa of St. Petersburg as hourly-paid worker who worked by where [sic] not paid for all of the hours they worked, incluidng [sic] working through breaks, lunches and who performed work before clocking in and/or after clocking out as well as employees whose pay check did not reflect all the hours that they worked.

(Dkt. 13, Ex. A). Green also asks the Court to permit her to mail an initial and follow-up notice to potential class members and order Grand Villa to post a notice at its facility. (Dkt 13, p. 18).

Grand Villa argues that conditional certification should be denied. Specifically, Grand Villa argues that Green's "off-the-clock" claims will require individualized inquiry that is inconsistent with the intended purpose of FLSA collective actions. Grand Villa argues, in short, that Green, the opt-in plaintiffs, and other potential class members are not similarly situated.

And even if they are, Grand Villa argues in the alternative, Green's proposed notice is poorly defined and its proposed method of notification is improper.

**The FLSA**

An action to recover unpaid wages may be brought, according to the FLSA, "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. S 216(b). An employee who does not initiate the lawsuit may not join it, however, "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

3

The purpose of these collective actions are "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employee." *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

**FLSA Certification Standard**

District courts in the Eleventh Circuit use a two-tiered approach to FLSA collective action certification decisions:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial . . .

*Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Armco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

At the notice stage, a plaintiff must provide a "reasonable basis" that there are similarly situated employees who desire to opt into the lawsuit. *Morgan v. Family Dollar*

4

*Store, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *see Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2008). This is a lenient standard, one in which a plaintiff need only demonstrate that her position is similar, not identical, to the positions of potential class plaintiffs. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). When determining whether the standard is met, courts may consider affidavits of other employees, notices of consent to join the lawsuit, or expert evidence. *Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). The unsupported assertions of plaintiff or counsel, however, will not suffice. *Id*; *Morgan*, 551 F.3d at 1261.

**Green's Evidence Supporting Conditional Certification**

Green offers the following evidence to support her assertion that similarly situated individuals wish to opt in to the lawsuit she initiated: (1) notices of consent to join from five opt-in plaintiffs (eight more have filed notices since Green's motion was filed); (2) declarations in which at least four of these opt-in plaintiffs state that they, too, were not paid for all the hours they worked and were instructed by supervisors to work off the clock; (3) the fact that all potential opt-in plaintiffs worked at the same Grand Villa facility; and (4) the testimony of opt-in plaintiff Kiara Harden, by declaration filed with Green's motion, that Grand Villa management admitted to improper pay practices and that up to 60 additional employees were improperly paid. (Dkt. 13, Ex. D). Green argues that this evidence is sufficient to overcome the "fairly lenient," notice-stage standard. The Court agrees.

Grand Villa's comparison of this case to *Hart v. JP Morgan Chase Bank* is off the mark. 2012 WL 619035. That case, although it too contained allegations of "off-the-clock" violations, involved a potential class of 2,887 hourly-paid debt collectors who were spread over 17 different JP Morgan locations and who worked in still more call centers dedicated to different lines of business. 2012 WL 619035, at *1. Under those facts, the court reasonably concluded that "specific inquiries would be required as to numerous issues," and that conditional certification should be denied. *Id.* at *5.

This case is not nearly as unwieldy. According to the evidence, there are at most 60 potential class members, all of who work or worked at Grand Villa's St. Petersburg facility. Moreover, even *Hart* recognized that a key consideration for courts when deciding conditional certification is whether "potential members were together the victims of a single decision, policy, or plan." *Id.* (internal quotations omitted). Here, Grand Villa concedes that the compensation of all its hourly employees was governed by a single policy. (Dkt. 44, p. 2).

Green has met her burden of establishing that there are similarly situated employees who wish to join her lawsuit. Conditional certification of a collective action will be granted.

What *Hart* and other cases from this district reveal, however, is that Green has poorly—and too broadly—defined her proposed class. *See also Udo v. Lincare, Inc.*, No. 8:13-cv-1899-T-23TGW, 2014 WL 5354589, at *10-11 (M.D. Fla. Sept. 17, 2013) (finding that proposed class of employees who worked in different facilities and for different supervisors with differing approaches to meal periods failed to satisfy the "similarly

situated" standard). The Court will now address the definition of the class and the manner in which notice will be sent to the potential members who meet that definition.

**Defining the Class**

Green provides little detail on how Grand Villa violated the FLSA. Yet she asks the Court to certify a class of all former and current employees who were "not paid for all the hours they worked."(Dkt. 13, Ex. A). As Grand Villa's evidence reveals, this proposed class might include various categories of hourly-paid employees—receptionists, housekeepers, and porters, to name a few—all of who worked for different supervisors. (Dkt. 44-1, ¶¶ 4, 14). The Court rejects this excessively broad definition, which would require the same kind of individualized inquiries that the court rejected in *Hart*. Cf. *Kirk v. Dr. Goodroof, Inc.*, No. 2:14-cv-639-FtM-29CM, 2015 WL 1138445, at *2 (M.D. Fla. March 13, 2015).

Green and others who worked in her same capacity, as Resident Care Assistants, have submitted declarations to the Court that their supervisors, as part of a single compensation plan, willfully required them to work off the clock. These employees, the Court finds, are similarly situated. Accordingly, the Court will grant conditional certification for the class of individuals who (1) worked for Grand Villa of St. Petersburg as Resident Care Assistants at any time within three years of receiving notice of this lawsuit; (2) were required to work during their meal or other authorized breaks, or were otherwise required to work off the clock; and (3) were not paid (either their hourly wage or overtime, if applicable) for these periods during which they worked.

Green shall file a revised proposed Notice on or before December 20, 2015, and Grand Villa shall file any objections to Green's revised proposed notice by January 4, 2016.

**Manner of Providing Notice**

Green asks that potential class members be notified of the lawsuit in three ways: (1) by mailing an initial notice to potential class members using a list provided by Grand Villa of all names and contact information of those current and former employees falling within the class definition; (2) by posting a notice in a conspicuous location on Grand Villa's facility; and (3) by mailing a follow-up notice by the fourteenth day prior to the close of the notice period. Grand Villa objects to the posting and follow-up notice.

The Court agrees with Grand Villa. Courts in this district have found that first class mail is ordinarily sufficient to notify class members and that, without circumstances to warrant otherwise, one notice is enough. *Harris v. Performance Transp., LLC*, No. 8:14-cv-2913-T-23EAJ, 2015 WL 1257404, at *5 (M.D. Fla. Mar. 18, 2015). Similarly, posted notices are generally permitted only when mailing has proven inadequate or the defendant has been uncooperative. *Id; see Gonzalez v. TZ Ins. Solutions, Inc.,* No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, at *6 (M.D. Fla. Mar.26, 2014). To date, neither method is justified. Accordingly, assuming the Court approves a revised notice, Grand Villa must supply a list of current and former employees who meet the class definition and Green may notify those potential class members by first class mail.

It is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Dkt. 13) is GRANTED in part and DENIED in part.

2. Conditional Certification is granted for the putative class of individuals who (1) worked for Grand Villa of St. Petersburg as Resident Care Assistants at any time within three years of receiving notice of this lawsuit; (2) were required to work during their meal or other authorized breaks; and (3) were not paid (either their hourly wage or overtime, if applicable) for these break periods during which they worked.

3. Plaintiff shall file a revised proposed Notice on or before December 20, 2015.

4. Defendant shall file any objections thereto on or before January 4, 2016.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of December, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1973 - cond. cert. grant in part.docx